EPSTEIN BECKER & GREEN, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5003
(973) 642-1900
Attorneys for Defendant
Roger Ailes

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRETCHEN CARLSON,<br><br>                Plaintiff,<br><br>        v.<br><br>ROGER AILES,<br><br>                Defendant. | **DOCUMENT FILED ELECTRONICALLY**<br><br>Civil Action No.: 2:16-cv-04138 |

**DEFENDANT ROGER AILES'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO COMPEL ARBITRATION
AND STAY ALL FURTHER JUDICIAL PROCEEDINGS**

Of Counsel:

    David W. Garland
    Barry Asen

FIRM:37551049v1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT

   THIS COURT SHOULD COMPEL THE ARBITRATION
   OF THE COMPLAINT AT THE AMERICAN ARBITRATION
   ASSOCIATION IN ACCORDANCE WITH THE ARBITRATION
   PROVISION IN PLAINTIFF'S EMPLOYMENT AGREEMENT
   AND STAY ALL FURTHER JUDICIAL PROCEEDINGS ..................................................... 2

CONCLUSION ......................................................................................................................... 5

FIRM:37551049v1

## TABLE OF AUTHORITIES

Page

**A. CASES**

*AT&T Techs., Inc. v. Communications Workers of America*, 475 U.S. 643 (1986) ........................ 3

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) ................................................................ 3

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) ............................................................... 3

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ....................................................... 3

*Hirschfield Productions, Inc. v. Mirvish*, 218 A.D.2d 567 (1st Dep't 1995), *aff'd*,
     88 N.Y.2d 1054 (1996) .............................................................................................................. 5

*Marcus v. Frome*, 275 F. Supp. 2d 496 (S.D.N.Y. 2003) ................................................................ 4

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ............................. 3

*Pritzker v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 7 F.3d 1110
     (3d Cir. 1993) ............................................................................................................................ 4

*Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993) ................................................................. 4

*Thomas v. Public Storage, Inc.*, 957 F. Supp. 2d 496 (S.D.N.Y. 2013) .......................................... 4

*Tracinda Corp. v. DailmerChrysler AG*, 502 F.3d 212 (3d Cir. 2007) ........................................... 4

**B. STATUTES AND OTHER AUTHORITIES**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq* ................................................................................... 2

New York City Human Rights Law, N.Y.C. Adm. Code § 8-107 .............................................. 1, 4

**PRELIMINARY STATEMENT**

In June 2013, Plaintiff Gretchen Carlson, a well-known cable television news anchor employed by the Fox News Network, LLC ("Fox News") in New York City, entered into a multi-million dollar employment agreement (the "Agreement") with Fox News that contained an arbitration provision. In pertinent part, the arbitration provision provides:

> Any controversy, claim or dispute arising out of or relating to this Agreement or Performer's [Plaintiff's] employment shall be brought before a mutually selected three-member arbitration panel and held in New York City in accordance with the rules of the American Arbitration Association ["AAA"] then in effect. ... Such arbitration, all filings, evidence and testimony connected with the arbitration, and all relevant allegations and events leading up to the arbitration, shall be held in strict confidence.

(*See* the Agreement, page 12, attached as Exhibit A to the Certification of Barry Asen, Esq. ("Asen Cert.").

Ignoring this agreed-to binding arbitration provision, Plaintiff filed a Complaint in New Jersey Superior Court, Bergen County, alleging that Defendant Roger Ailes, Fox News' Chairman and Chief Executive Officer, sexually harassed her and later retaliated against her by not renewing her Agreement because she had rebuffed his alleged advances, all in alleged violation of the New York City Human Rights Law, N.Y.C. Adm. Code § 8-107. (The Superior Court Complaint is attached as Exhibit B to the Asen Cert.)[1]

Plaintiff improperly filed her public Complaint with the Superior Court, as opposed to filing it with the AAA and adhering to her contractually-required confidentiality obligation, so that her counsel could tar Mr. Ailes's reputation publicly, try this case in the media press, and coerce him to settle. Plaintiff's counsel has been on a non-stop tour of major media outlets ever since, making one false and defamatory statement after another: articles quoting the Complaint

---

[1] The Complaint has been removed to this Court based on diversity of citizenship.

and/or Plaintiff's counsel outrageous comments have appeared in, for example, *The New York Times*, *The Washington Post*, the *New York Daily News*, *The Huffington Post*, and *The Daily Beast*. (*See* Asen Cert. Exs. C, D, E, F and G).[2]

In a transparent attempt to evade the Agreement and her contractual commitment to arbitrate, Plaintiff named only Mr. Ailes as a defendant in this action, rather than naming Fox News as a defendant as well. At the same time, however, she could not avoid identifying Mr. Ailes by his corporate title, "the Chairman and CEO of Fox News." (Asen Cet. Ex. B. at ¶ 3) Such gamesmanship does not permit Plaintiff to file in the Superior Court and publicly engage in a "tar and feather" campaign against Mr. Ailes. Her counsel, an experienced New Jersey plaintiff-side employment lawyer, knows better. As will be addressed below, federal, New York and New Jersey law all definitively hold that a plaintiff cannot avoid an agreed-to arbitration provision with her employer by just suing a corporate officer (such as Chairman and CEO Ailes) in court.

Accordingly, for these reasons and those that follow, Defendant Ailes respectfully requests that this Court compel arbitration at the AAA pursuant to the explicit terms of the Agreement and stay all further proceedings in this Court.

## ARGUMENT

### THIS COURT SHOULD COMPEL THE ARBITRATION OF THE COMPLAINT AT THE AMERICAN ARBITRATION ASSOCIATION IN ACCORDANCE WITH THE ARBITRATION PROVISION IN PLAINTIFF'S EMPLOYMENT AGREEMENT AND STAY ALL FURTHER JUDICIAL PROCEEDINGS.

Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2 (the "FAA"), states that a contract provision "evidencing a transaction involving commerce to settle by arbitration a controversy

---

[2] As further evidence of Plaintiff's and her counsel's bad faith, no attempt was made to reach out to Defendant Ailes prior to the filing of the Complaint. Instead, they struck without warning and blasted their salacious and scurrilous allegations to the media immediately upon filing.

thereafter arising out of such contract or transaction … shall be valid, irrevocable and enforceable save upon such grounds as exist at law or in equity for the revocation of such contract." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-25 (1991); *see Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001). The FAA further provides that when a party files a judicial complaint in violation of an agreement to arbitrate, a federal district court shall stay all judicial proceedings and direct the parties to proceed to arbitration. *Gilmer*, 500 U.S. at 25, citing 9 U.S.C. §§ 3 and 4. *See also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985).

The Supreme Court has long instructed that arbitration is strongly favored as a matter of policy and that any ambiguities in the scope of an arbitration clause should be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Thus, a court must compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

Here, the arbitration provision in the Agreement, in pertinent part, expressly provides that "[a]ny controversy, claim or dispute arising out of or relating to this Agreement or Performer's [Plaintiff's] employment shall be brought before a mutually selected three-member arbitration panel and held in New York City in accordance with the American Arbitration Association then in effect." The language of the Agreement could not be clearer: the Complaint belongs at the AAA.

Courts take a dim view of the tactical strategy employed here by Plaintiff – attempting to evade the Agreement's arbitration provision because only Fox News signed the Agreement – and courts uniformly reject it. Indeed, the Third Circuit has directed that "[b]ecause a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are

3

also covered under the terms of such agreements." *Pritzker v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 7 F.3d 1110, 1121-22 (3d Cir. 1993) (affirming the District Court's decision to compel arbitration). More recently, the Third Circuit reaffirmed its holding in *Pritzker*, stating: "The *Pritzker* rule – that nonsignatory agents may invoke a valid arbitration agreement entered into by their principal – is well-settled and supported by other decisions of this Court." *Tracinda Corp. v. DailmerChrysler AG*, 502 F.3d 212, 224 (3d Cir. 2007).

The Second Circuit shares the Third Circuit's view. It has explained:

> Courts in this and other circuits consistently have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement. ... If it were otherwise, it would be too easy to circumvent the agreements by naming individuals as defendants instead of the entity Agents themselves.

*Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1360 (2d Cir. 1993); *see also Marcus v. Frome*, 275 F. Supp. 2d 496, 504-05 (S.D.N.Y. 2003).[3]

Likewise, the New Jersey and New York state courts reject the tactic of suing a corporate officer, instead of the corporation itself, for purposes of avoiding arbitration. *In Bleumer v. Parkway Ins. Co.*, 277 N.J. Super. 378, 408-13 (Law Div. 1994), the plaintiff argued that he should be permitted to sue his employer's chief financial officer in court because the chief financial officer was not a signatory to his arbitration agreement with his employer. Relying on *Pritzker* and *Roby*, the court granted the defendants' motion to compel arbitration. And in New York, as the First Department explained and the New York Court of Appeals affirmed, the "attempt to distinguish officer and directors from the corporation they represent for the purposes of evading an arbitration provision is contrary to the established policy of this State."

---

[3] Complaints asserting violations of the New York City Human Rights Law, which are subject to arbitration agreements, but are filed in court, are uniformly compelled to arbitration. *See, e.g., Thomas v. Public Storage, Inc.*, 957 F. Supp. 2d 496, 497 (S.D.N.Y. 2013).

*Hirschfield Productions, Inc. v. Mirvish*, 218 A.D.2d 567, 568 (1st Dep't 1995), *aff'd*, 88 N.Y.2d 1054, 1056 (1996).

In sum, Plaintiff's ploy of filing in Superior Court to justify her shameless publicity campaign again Roger Ailes should not be countenanced. All applicable law squarely requires that the Complaint be compelled to arbitration.

## CONCLUSION

The arbitration provision in the Agreement required Plaintiff to file any Complaint with regard to her employment at Fox News with the AAA. There is no legal basis upon which she can rightfully assert that she was entitled to sue Defendant Ailes in court and sully his reputation in public. Defendant Ailes's motion to compel arbitration and stay all judicial proceedings should be granted in all respects.

Dated: July 8, 2016

                                      Respectfully submitted,

                                      EPSTEIN BECKER & GREEN, P.C.

                              By: s/*David W. Garland*
                                  David W. Garland
                                  Barry Asen
                                  One Gateway Center
                                  Newark, New Jersey 07102-5003
                                  Telephone: (973) 642-1900
                                  Facsimile:  (973) 642-0099
                                  Email:  BAsen@ebglaw.com
                                  E-mail: DGarland@ebglaw.com
                                  Attorneys for Defendant Roger Ailes